IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| State Farm Fire and Casualty Company, | ) | C/A No.: 4:13-cv-2508-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Marshall C. Blanton and | ) | |
| Rodney J. Allgire, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on a Motion to Change Venue or in the Alternative to Dismiss (ECF No. 56) filed by Defendant Rodney J. Allgire pursuant to 28 U.S.C. § 1404.[1] For the following reasons, the court finds that transfer is inappropriate, and Defendant Allgire's Motion to Transfer Venue to the Beaufort or Charleston Division of the District of South Carolina is denied. The defendant's motion to dismiss is also denied.

Plaintiff filed this action against Defendants Marshall C. Blanton and Rodney J. Allgire, seeking a declaration from the court regarding whether it had a duty to indemnify and/or a duty to defend Defendant Blanton under a homeowner's policy issued to Blanton on his home in Horry County. The underlying state court lawsuit involved an altercation between Defendants Blanton and Allgire at a golf course in Beaufort County, South Carolina on November 13, 2011.

On August 7, 2014, Allgire moved to change venue from the Florence Division of the District of South Carolina to the Beaufort Division of the District of South Carolina. As grounds for this motion, Allgire argues that the golf course altercation occurred in Beaufort County, that

---

[1] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing."

the underlying state court action is pending in Beaufort County, and that "[a]ll witnesses to the action, as well as medical practitioners providing medical treatment, live in Beaufort County." (ECF No. 56, p.1) The motion indicates that Defendant Allgire resides in Beaufort County, and he has submitted affidavits from three witnesses to the incident who reside in Beaufort County, three medical providers from Beaufort County, and a security guard and member of law enforcement who state that Beaufort or Charleston would be more convenient for them. Plaintiff State Farm filed a Response in Opposition to the Motion (ECF No. 62, incorporating ECF Nos. 22 and 41). Plaintiff contends that venue is proper in this division because the homeowner's policy at issue covers a residence located in Horry County, which is in the Florence Division, and the contract for insurance was entered into in Horry County. In addition, State Farm contends that Defendant Blanton resides in Horry County and that six witnesses to the incident reside in Horry County.

## **Discussion**

Local Rule of Civil Procedure 3.01(C) states that "[a]ny case may be transferred for case management or trial from one division to another division on motion of any party for good cause shown or *sua sponte* by the Court." Local Civil Rule 3.01(C) DSC. At the outset, the court notes that the Beaufort federal courthouse has been closed; thus, the motion will be construed as a motion to change venue to the Charleston Division, where Beaufort is located.

Legal Standard under 28 U.S.C. § 1404(a)

A court may transfer a case "for the convenience of the parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "A district court may transfer a civil action to any other district or division

2

where it might have been brought." *Red Light, LLC v. American Traffic Solutions, Inc.*, No. 3:05-3103-MBS, 2006 WL 463569, at \*4 (D. S.C. Feb. 23, 2006).   When deciding a motion to transfer, the court must specifically analyze whether transfer is warranted (1) for the convenience of the parties; (2) for the convenience of the witnesses; and (3) in the interest of justice. *Fairchild Semiconductor Corp. v. Nintendo Co., Ltd.*, 810 F. Supp. 173, 174 (D. S.C. 1992).   Although limited by these three factors, the court has broad discretion in deciding whether to transfer a case. *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 277 (4th Cir. 2005).   Motions to transfer under § 1404(a) are guided by individualized, case-by-case considerations of convenience and fairness. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

The first inquiry into whether transfer is appropriate is whether the action sought to be transferred is one that might have been brought in the transferee court.  This case could have been brought in the Charleston Division because one of the defendants (Allgire) resides there.  *See* Local Civil Rule 3.01(A)(1) DSC. Venue is also proper in the Florence Division because the other defendant, Blanton, resides in the Florence Division.

As to the second inquiry, the Supreme Court has held that the factors relevant to *forum non conveniens* determinations are also relevant to determinations of a motion to transfer venue under 28 U.S.C. § 1404(a). *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-9 (1947).  Specifically, those factors include: 1) the plaintiff's choice of forum; 2) the convenience of the parties and witnesses; 3) the relative ease of access to sources of proof; 4) the availability of compulsory process for attendance of unwilling witnesses; 5) the cost of obtaining attendance of willing witnesses; 6) the possibility of viewing premises by the jury, if applicable; 7) all other practical problems that make trial of a case easy, expeditious, and

3

inexpensive; 8) factors of public interest, including the relative congestion of court dockets and a preference for holding a trial in the community most affected; and 9) the interests of justice. *Terry v. Walker*, 369 F. Supp. 2d 818, 822 (W.D. Va. 2005) (citing *Gilbert*, 330 U.S. at 508-9); *Finkel v. Subaru of America, Inc.*, No. 3:06CV292, 2006 WL 2786811, at *3 (E.D. Va. Sept. 26, 2006).

"The burden is on the moving party to show that transfer to another forum is proper." *Cross v. Fleet Reserve Ass'n Pension Plan*, 383 F. Supp. 2d 852, 856 (D. Md. 2005). In this case, Defendant Allgire must show "by a preponderance of the evidence that the proposed transfer will better and more conveniently serve the interests of the parties and witnesses and better promote the interests of justice." *JEC Consulting & Trading, Inc. v. Diversified Foods, Inc.*, No. C.A. 3:05-2295-CMC, 2005 WL 2614903, at *4 (D.S.C. Oct. 13, 2005).

Plaintiffs' Choice of Forum

"A plaintiff's choice of forum is given weight when the plaintiff's choice of forum has a substantial connection with the controversy." *Milliken & Co. v. Fed. Trade Comm'n*, 565 F. Supp. 511, 517 (D. S.C. 1983). In this case, the plaintiff State Farm chose to file the case in the Florence Division, where the homeowner's policy was issued which is the subject of the declaratory action before this court. The Florence Division would also be where the bad faith counterclaim of its insured Blanton arose. Therefore, the plaintiff's choice of forum has a substantial connection with the controversy.

Convenience of the Parties and Witnesses

In this case, Defendant Allgire and his witnesses would have to travel around 150 miles from Beaufort to Florence if a trial was held in Florence. If the trial was held in Charleston, they

4

would travel about 70 miles. These witnesses are medical and factual witnesses, and it is unclear whether any live testimony would be necessary in this DJ action, where sworn testimony has already been taken in the case in state court. Defendant Blanton and his witnesses would have to travel about 100 miles if a trial was held in Charleston and 67 miles if a trial was held in Florence. Therefore, if venue was changed, then the inconvenience would simply be shifted from one party to another. *See Southwest Equip., Inc.*, *v. Stoner*, No. 6:10-1765-HMH, 2010 WL 4484012, at *2 (D.S.C. November 1, 2010). Accordingly, the factor of convenience to the parties and witnesses does not weigh in favor of transfer.

<u>Relative Ease of Access to Sources of Proof</u> and <u>Availability of Compulsory Process</u>

The issues in this case would not seem to require extensive production of documents. Again, the relatively short distance between the Florence Division and the Charleston Division weighs against transfer. The issue of the availability of compulsory process also does not weigh in favor of transfer. Fed. R. Civ. P. 45(c)(1)(B) provides that a subpoena may command a person to attend a trial, hearing, or deposition "within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense."

<u>Cost of Obtaining Attendance of Willing Witnesses</u>

Given the relative proximity of the Florence Division to Beaufort, South Carolina (less than 2 and 1/2 hours by automobile), and the proximity of the Florence Division to Myrtle Beach, South Carolina (around an hour and ½), the cost of obtaining the attendance of willing witnesses is minimal and does not weigh in favor of transfer.

<u>Possibility of Viewing Premises by the Jury</u>

5

This factor does not appear to be an issue in the instant case.

Other Practical Problems

The court is not aware of other practical problems that would interfere with an easy, expeditious, and inexpensive trial.

Public Interest Factors

Factors of public interest relate to the congestion of the court dockets and a preference for holding a trial in the community most affected. The dockets of the Florence Division and the Charleston Division are not sufficiently different to have any effect on this analysis. The community in the Florence Division would appear to be most affected by this case because it involves the interpretation of an insurance policy issued in this division.

Interests of Justice

The factor relating to the interest of justice is "intended to encompass all factors bearing on transfer that are unrelated to convenience of witnesses and parties." *Bd. of Trustees v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1260 (E.D. Va. 1988). Those factors include the factors discussed above and others such as "the pendency of a related action, the court's familiarity with the applicable law, . . . the possibility of unfair trial, the ability to join other parties and the possibility of harassment." *Finkel*, 2006 WL 2786811, at *6. The related action is or was pending in Beaufort, which is in the Charleston Division. Although this factor would at first blush militate in favor of the Charleston Division, the transcript of the trial will be available regardless of where the trial was held. Federal judges in both divisions would be familiar with the applicable law. With regard to the possibility of an unfair trial and the possibility of harassment, Allgire has made no showing that he will not receive a fair trial in this

6

division or that be will be the subject of harassment.  Likewise, he has made no showing that the ability to join other parties will be needed or would be affected by this court's refusal to transfer the case to the Charleston Division.

Considering the above-stated factors and the briefs of counsel, Defendant Allgire has failed to establish by a preponderance of the evidence that the proposed transfer to the Charleston Division will be more convenient to the parties and witnesses and will serve the interests of justice.  Accordingly, its Motion for Change of Venue to the Charleston Division is **DENIED**. This case shall proceed in the Florence Division of the District of South Carolina.

## DEFENDANT ALLGIRE'S MOTION TO DISMISS

Defendant Allgire also moves to dismiss him from the action on the basis of Fed. R. Civ. P. 12.  He does not specify which subsection of Rule 12 he relies upon, but the court assumes based on his arguments that he refers to Rule 12(b)(6), failure to state a claim.  Defendant cites no cases in support of his motion but asserts that he should be dismissed as a party defendant because "he has no nexus with State Farm and Casualty Company other than as a potential claimant."  (ECF No. 56, p. 2) The court agrees with Plaintiff State Farm that Defendant Allgire is at the minimum a permissive party and should not be dismissed.  As a potential claimant against the State Farm insured Blanton he has an interest in this DJ action, which was initiated to determine whether State Farm has a duty to defend and indemnify Blanton. Therefore, the motion to dismiss is denied.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

December 15, 2014
Florence, South Carolina