IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| State Farm Fire and Casualty Company, | ) | Civil Action No. 4;13-cv-02508-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Marshall C. Blanton and Rodney J. Allgire, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Defendant Allgire's [128] Motion for Relief from this Court's [126] Order of December 17, 2015, denying his motion for summary judgment and denying his motion to amend his answer.[1]  At the outset, the Court notes that the motion was filed pursuant to Fed. R. Civ. P. 60(b)(6) and that this rule is not the proper vehicle for the relief requested.  The Court will construe the motion as made under Fed. R. Civ. P. 59(e), a motion to alter or amend the judgment.  That being said, however, the Court denies the motion for the reasons set forth in the Court's order of December 17, 2015 as summarized herein.

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.).  The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in *controlling* law; (2) on account of new evidence; or (3) "to correct a *clear error of law* or prevent manifest injustice." Collison v. International Chemical Workers Union, 34 F.3d 233,

---

[1] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing."

1

235 (4th Cir. 1994) (emphasis added).  Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result.  See Tran v. Tran, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

    Having reviewed the pleadings related to this motion, the Court concludes that the motion presents neither new controlling law; new evidence, nor points out a clear legal error of this Court.  The plaintiff first requests the Court to reconsider its denial of his motion to amend his answer to assert new defenses.  The purported new defenses were mootness, collateral estoppel and res judicata, the abstention doctrine, waiver by failure to appeal the denial of the motion to intervene, the law of the case doctrine, and the "defense" requesting declaratory relief in his favor.  As this Court has already ruled, these defenses were available before the deadline in the scheduling order for filing amended pleadings.  The mootness defense asserts the two-issue rule, which was contained in Allgire's motion for summary judgment filed before the deadline for amended pleadings.  The defenses of collateral estoppel and res judicata are based on Allgire's position that the issues involved in the declaratory judgment action were fully litigated in the state tort action, and the state court verdict was rendered before the deadline for amended pleadings.  The abstention doctrine was available at the time the original answer was filed. The defense of waiver by failure to appeal was also available long before the deadline in federal court for amending pleadings.  The "law of the case defense" was also presented in the motion for summary judgment, which was filed before the deadline for amended pleadings.  Allgire also could have sought to amend his answer to request declaratory relief in his favor before the deadline had passed for amendments. Regardless, in ruling on State Farm's request for a declaratory judgment on coverage,

the Court will be issuing a ruling as to whether coverage exists under Blanton's policy. Therefore, it would not be necessary for Allgire to request a declaratory judgment in his favor in a pleading.

Also, even if the Court ruled that the issue preclusion defenses were timely, they would be futile, as the coverage issues were not litigated in the state action. The mootness defense, the two-issue rule defense and doctrine of the law of the case, and the defense of waiver from failure to appeal the denial of intervention would also be futile for the reasons stated in the December 17, 2015 order denying Allgire's motion for summary judgment. The abstention doctrine should not be asserted at this juncture of the proceedings.

Allgire also requests the Court to reconsider its denial of his motion for summary judgment pertaining to its rulings regarding the two-issue rule. The Court declines to do so for the reasons stated in the December 17, 2015 order.

Therefore, Defendant Allgire's motion for relief from the Order of December 17, 2015 is **DENIED**.

**AND IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, S.C.
January 25, 2016

3